# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SIMPLOT AB RETAIL SUB, INC. )
d/b/a SIMPLOT GROWER )
SOLUTIONS, )
                                     )
    Plaintiff, )
                                     )
-vs- )   Case No. CIV-21-0163-F
                                     )
THE SPUD COMPANY, LLC and )
BRANDON RATTRAY, )
                                     )
    Defendants. )

## ORDER

The court has a duty to determine its jurisdiction. Tuck v. United Services Automobile Assoc., 859 F.2d 842, 844 (10th Cir. 1988).

Upon review of the complaint, it is apparent the court's jurisdiction is based solely on diversity of citizenship. The complaint's jurisdictional allegations are sufficient with respect to the citizenship of Brandon Rattray.[1] However, they are not sufficient with respect to the citizenship of The Spud Company, LLC.

The complaint alleges The Spud Company, LLC is a limited liability company and that "none of the members of Spud Company resides in either Delaware or

---

[1] Although the complaint does not identify Rattray's state of citizenship per se, it alleges that he is "domiciled in Oklahoma," and domicile is equated with citizenship. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983).

Idaho" (the states in which plaintiff is deemed a citizen). These allegations are deficient because they do not identify each member of the limited liability company and each member's specific[2] state of citizenship, down through all levels.[3] Moreover, alleging that a member (assuming the member is an individual) does or does not "reside" in a state is not the same thing as alleging the member is or is not a citizen of that state. This is because, for purposes of § 1332, citizenship and residence are two entirely distinct concepts.[4]

Accordingly, the complaint must identify each member of the limited liability company as well as each member's specific state(s) of citizenship, and it must do so down through all levels of membership (if applicable). Plaintiff is **DIRECTED** to file a first amended complaint which includes the missing jurisdictional information identified in this order. Plaintiff may allege such information based on information and belief. If plaintiff cannot allege the necessary information at this stage, plaintiff may file a short notice so stating. In that event, plaintiff is **DIRECTED** to bring this issue to the attention of the court at the status and scheduling conference. Plaintiff **SHALL** file either the first amended complaint or the notice within fourteen days of

---

[2] *See*, Simmons v. Rosenberg, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than the state of New York is "clearly insufficient to establish diversity jurisdiction….").

[3] For example, if one of the members is an LLC then *its* members (and their specific states of citizenship) must be alleged, and so on.

[4] Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 498 U.S. 426, 428 (1989). A person's domicile is determined at the time the action is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

the date of this order.  Failure to comply may result in dismissal of this action without prejudice.

    IT IS SO ORDERED this 2nd day of March, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0163p001.docx